[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14205
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00001-PGB-LRH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 31, 2021)

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ronald Hill appeals his convictions for distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), and for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Hill also challenges as substantively unreasonable his total above-guidelines sentence of 240 months.  No reversible error has been shown; we affirm Hill's convictions and sentence.  But we vacate and remand for the limited purpose of correcting a clerical error in the judgment.

In November 2018, FBI Special Agent Langer used a peer-to-peer file-sharing program to download files containing images and videos of child pornography from a computer.  The computer's IP address was later traced to Hill's home.

Agents executed a search warrant on Hill's home in December 2018.  During the search, agents conducted a forensic search of Hill's laptop computer.  In pertinent part, agents located -- within the laptop's media player program -- a log of recently viewed videos.  The log contained several viewed files with titles that indicated child pornography.

Meanwhile, immediately upon the agents' arrival at Hill's home, Agent Kaufman conducted a recorded interview with Hill.  During this interview -- and

2

before agents found evidence of child pornography on Hill's laptop -- Hill admitted that he used a peer-to-peer file-sharing program called BitTorrent to view child pornography. Hill said he downloaded child pornography files from BitTorrent and saved them onto the C drive of his computer. Hill (who was then 50 years old) told Agent Kaufman that Hill had been downloading and watching child pornography videos since he was in his early 40s. Hill also said he knew he was sharing files with others when he downloaded files from BitTorrent and said he limited the bandwidth for others. Hill admitted he had downloaded recently a video file called "Baby J."

After agents found evidence of child pornography on Hill's computer, Agent Kaufman conducted a brief second recorded interview. During that interview, Hill identified two videos found on his laptop -- one involving Baby J and one involving a 12-year-old girl -- and confirmed that he had downloaded and viewed the videos. These two videos were the same videos Agent Langer downloaded from Hill's computer in November 2018.

Hill was charged with distribution and possession of child pornography. Hill moved to suppress evidence found during the forensic search of his computer:

a search Hill argued exceeded the scope of the search warrant.[1]  After a suppression hearing, the district court denied Hill's motion.

Following a stipulated bench trial, the district court found Hill guilty of the charged offenses.  The district court sentenced Hill above the guidelines range (calculated as 121 to 151 months) to a total sentence of 240 months' imprisonment, followed by a lifetime term of supervised release.

## I.

On appeal, Hill first challenges the district court's denial of his motion to suppress evidence discovered during the forensic search of his laptop computer. Hill contends the search warrant authorized agents to search his home and to seize his laptop computer, but did not authorize agents to search his computer.[2]

We review the district court's denial of "a motion to suppress evidence under a mixed standard, reviewing the court's findings of fact for clear error and the application of law to those facts de novo, construing the facts in the light most

---

[1] Hill also sought to suppress statements Hill made to officers during the search of his home.  On appeal, however, Hill raises no challenge to the district court's denial of his motion to suppress those statements.

[2] Hill raises no challenge to the validity of the search warrant.

favorable to the prevailing party below." United States v. Pierre, 825 F.3d 1183, 1191 (11th Cir. 2016).

The search warrant in this case authorized a search of a residential property described in Attachment A to the warrant. Attachment A included both the physical address and a brief description of the house. The search warrant also authorized the seizure of property described in Attachment B. Attachment B consisted of a four-page list of categories of items to be seized from the home as contraband or evidence of child pornography offenses. Among other things, Attachment B included "[e]lectronically stored communications or messages reflecting computer on-line chat sessions or e-mail messages with, or about, a minor that are sexually explicit in nature." Attachment B also included -- for "any computer or storage medium whose seizure is otherwise authorized by this warrant" -- a list of thirteen items subject to seizure, including evidence about the user history, passwords, and internet activity.

Based on the plain language of the warrant and the kinds of evidence identified in Attachment B, the district court concluded that the search warrant authorized agents to search for and to seize evidence that could only be accessed by turning on -- and by examining the contents of -- Hill's computer. The district court thus rejected Hill's argument that agents were limited to a search of his house

5

and would have required a second search warrant to conduct a forensic search of his computer. A plain reading of the search warrant and Attachment B supports the district court's determination that the search warrant encompassed a forensic search of Hill's computer.

In any event -- even absent the challenged evidence found on Hill's computer -- sufficient evidence existed to prove Hill's guilt beyond a reasonable doubt. About possession, Hill admitted that he downloaded child pornography files onto his computer for the purpose of viewing the files. This evidence is sufficient to prove that Hill knowingly possessed or knowingly accessed with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(a). That Hill often deleted the files after viewing them is immaterial. See United States v. Carroll, 886 F.3d 1347, 1353 (11th Cir. 2018) (rejecting an argument that a defendant could not be held liable for possessing child pornography when the files had been deleted).

In addition, Hill's statements that he understood he was sharing child pornography files with others by using the BitTorrent program and that he limited the bandwidth to make downloads slower for other users evidences sufficiently that Hill knowingly distributed child pornography in violation of 18 U.S.C. § 2252A(a)(2). See Carroll, 886 F.3d at 1353 ("Knowingly placing or leaving files

6

in a shared folder connected to a peer-to-peer network undoubtedly constitutes distribution" of child pornography).

## II.

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007). In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in section 3553(a). United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. See 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. Id. § 3553(a)(1), (3)-(7).

When a sentence is above the guidelines range, we "may consider the deviation, 'but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Given the totality of the circumstances involved in this case and the pertinent section 3553(a) factors, the district court concluded reasonably that an above-guidelines sentence of 240 months was necessary to achieve the purposes of sentencing.

At the sentencing hearing, the district court discussed the nature and circumstances of Hill's offenses. The district court commented both on the "particularly disturbing" nature of the videos sought by Hill -- videos involving

8

very young children with the word "rape" in the title -- and on the years-long duration of Hill's criminal conduct. The district court also considered Hill's criminal history, which included most notably an arrest for sexually molesting a three-year-old girl ("L"). L testified at the sentencing hearing about the incident and about the negative impact Hill's conduct had on her life. The district court found L's testimony credible.

The district court also considered Hill's history and characteristics, including that Hill was himself a victim of sexual abuse as a child and that Hill came from a family in which sexual abuse of children was pervasive. The district court described Hill's family as "the most disturbing family I ever encountered." The district court also considered Hill's mental health, including Hill's history of depression, multiple suicide attempts, and substance abuse.

After considering the totality of the circumstances, the district court explained that the guidelines underrepresented the seriousness of Hill's criminal conduct. The district court found that an above-guidelines sentence was necessary to provide just punishment, to deter criminal conduct, and to protect the public.

Hill argues that the district court placed undue weight on L's testimony and failed to consider adequately the mitigating factors, including Hill's mental health and childhood abuse. The district court, however, considered expressly the

9

mitigating factors but determined that those factors did not outweigh the seriousness of Hill's offenses and the risk Hill posed to society. That the district court afforded more weight to some aggravating factors than it did to other mitigating factors does not make Hill's sentence unreasonable. The weight given to a particular section 3553(a) factor "is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and alterations omitted).

On this record, Hill has failed to show that his above-guidelines sentence was substantively unreasonable or that the district court committed a "clear error of judgment" in weighing the pertinent factors.

III.

Although we affirm Hill's convictions and sentences, we note that the criminal judgment contains a clerical error. The judgment lists both offenses of conviction (for distribution and for possession) as violations of 18 U.S.C. § 2252A(a)(5)(B), the subsection governing only possession of child pornography. Hill's offense for distribution of child pornography should have been listed as a

10

violation of 18 U.S.C. § 2252A(a)(2).  Accordingly, we vacate and remand for the limited purpose of correcting the clerical error in the written judgment.  See United States v. Brown, 772 F.3d 1262, 1268 (11th Cir. 2014).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.